UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| TIMOTHY M. RAGEN, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, the United States of America, alleges as follows:

1. The United States brings this suit to collect unpaid federal income taxes liability owed by Timothy M. Ragen for tax years 2004, 2006, 2007, 2010 through 2013.

**JURISDICTION, VENUE AND PARTIES**

2. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of a delegate of the Attorney General of the United States under 26 U.S.C. § 7401.

3. This Court has jurisdiction to hear the action pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, as well as 26 U.S.C. § 7402(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1396 because the defendant, Timothy Ragen, lives in Savannah, Chatham County, Georgia, within the jurisdiction of this Court.

## CLAIM TO REDUCE FEDERAL INCOME TAX LIABILITIES TO JUDGMENT

*The Ragens' Joint Tax Years*

5. For tax year 2004, Mr. Ragen filed a federal income tax return jointly with his wife, Emily L. Ragen, reporting tax due in the amount of $67,469.00, but failed to pay the tax that they reported due. On March 28, 2007, the Ragens filed Form 1040X – *Amended U.S. Individual Income Tax Return*, reporting an additional $5,737.00 in tax owed for tax year 2004, and again the Ragens failed to pay the tax they reported due.

6. For tax year 2006, the Ragens filed a federal income tax return, reporting tax due in the amount of $119,559.00, but failed to pay the tax that they reported due.

7. For tax year 2007, the Ragens filed a federal income tax return, reporting tax due in the amount of $193,530.00, but failed to pay the tax that they reported due.

8. On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury properly assessed the Ragens federal income tax liabilities, plus applicable penalties and interest:

| Tax Year | Date of Assessment | Amount Assessed | | | Assessed Balance Due as of 10/13/2023 |
| --- | --- | --- | --- | --- | --- |
| | | Tax | Interest | Penalties and Fees | |
| 2004 | 11/28/2005 | $67,469.00 | $2,579.00 | $1,919.00` | |
| | | | | $2,598.76^ | |
| | 5/14/2007 | $5,737.00 | | | |
| | 11/2/2015 | | $45,056.47 | $15,077.74^ | |
| | 10/31/2016 | | $5,012.89 | | $11,403.51 |
| 2006 | | $119,559.00 | $5,030.76 | $5,490.00` | |
| | 11/19/2007 | | | $4,144.93^ | |
| | 11/2/2015 | | $34,888.82 | $17,739.78^ | |
| | 10/31/2016 | | $5,566.10 | | $218,827.66 |
| 2007 | 10/20/2008 | $193,530.00 | $5,326.24 | $6,475.69` | |
| | | | | $3,710.60^ | |
| | 11/2/2015 | | $55,667.42 | $42,671.90^ | |
| | 10/31/2016 | | $10,880.19 | | $427,056.52 |

^ Penalty for late payment of tax
` Penalty for not pre-paying tax

9. A delegate of the Secretary of the Treasury properly notified the Ragens of the unpaid liabilities described in the preceding paragraph and made demand for their payment pursuant to 26 U.S.C. § 6303. Despite notice and demand for payment, the Ragens failed to pay the liabilities owed.

10. Although the Ragens filed joint federal income tax returns for tax years 2004, 2006, and 2007, only Mr. Ragen remains liable for the unpaid

assessments for reasons alleged below. Together with statutory additions, penalties, and interest accrued through October 13, 2023, Mr. Ragen owes the United States $657,287.69 for his unpaid federal income tax liabilities for the years 2004, 2006, and 2007.  Statutory additions including interest will continue to accrue until the liabilities are paid in full.

*Mr. Ragen's Individual Tax Years*

11. For tax year 2010, Mr. Ragen filed a federal income tax return as married filing separate, reporting tax due in the amount of $177,866.00, but failed to pay the tax that he reported due.

12. For tax year 2011, Mr. Ragen filed a federal income tax return as married filing separate, reporting tax due in the amount of $55,235.00, but failed to pay the tax that he reported due. The IRS examined Mr. Ragen's returned and assessed additional tax of $14,867.00, which Mr. Ragen failed to pay.

13. For tax year 2012, Mr. Ragen filed a federal income tax return as married filing separate, reporting tax due in the amount of $54,081.00, but failed to pay the tax that he reported due.

14. For tax year 2013, Mr. Ragen filed a federal income tax return as married filing separate, reporting tax due in the amount of $115,620.00, but failed to pay the tax that he reported due.

15.     On the dates and in the amounts set forth in the following table, a delegate of the Secretary of the Treasury properly assessed Mr. Ragen federal income tax liabilities, plus applicable penalties and interest:

| Tax Year | Date of Assessment | Amount Assessed | | | Assessed Balance Due as of 10/13/2023 |
| --- | --- | --- | --- | --- | --- |
| | | Tax | Interest | Penalties and Fees | |
| 2010 | 11/21/2011 | $177,866.00 | $4,080.77 | $3,815.00` | |
| | | | | $7,114.64^ | |
| | 11/2/2015 | | $23,961.79 | $37,011.86^ | |
| | 10/31/2016 | | $9,102.05 | | $357,409.12 |
| 2011 | 10/15/2012 | $55,235.00 | $381.55 | $831.11` | |
| | | | | $381.55 ^ | |
| | | | | $755.87^ | |
| | 3/2/2015 | $14,867.00 | $1,555.98 | $2,973.40† | $30,163.23 |
| 2012 | 11/18/2013 | $54,081.00 | $817.48 | $970.00` | |
| | | | | $1,803.23^ | |
| | 6/9/2014 | | $544.89 | $1,379.04^ | |
| | 11/2/2015 | | $1,226.88 | $3,692.96^ | |
| | 10/31/2016 | | $1,218.35 | | $47,923.14 |
| 2013 | 11/24/2014 | $115,620.00 | $1,574.54 | $1,177.00` | |
| | | | | $3,429.80^ | |
| | 10/31/2016 | | $5,264.49 | $15,460.20^ | $138,352.05 |

^ Penalty for late payment of tax
` Penalty for not pre-paying tax
† 26 U.S.C. § 6662 Accuracy Related Penalty

16.     A delegate of the Secretary of the Treasury properly notified Mr. Ragen of the unpaid liabilities described in the preceding paragraph and made demand for their payment pursuant to 26 U.S.C. § 6303.  Despite notice and demand for payment, Mr. Ragen failed to pay the liabilities owed.

Together with statutory additions, penalties, and interest accrued through October 13, 2023, Mr. Ragen owes the United States $573,847.54 for his unpaid federal income tax liabilities for tax years 2010 through 2013. Statutory additions including interest will continue to accrue until the liabilities are paid in full.

*This Suit is Timely*

17.     The United States generally has ten years from the date of assessment to file suit to collect assessed tax liabilities. 26 U.S.C. § 6502. However, that period was extended because of several events that suspended, and thus extended, the statute of limitations on collection as to Mr. Ragen only.

18.     First, Mr. Ragen filed for bankruptcy, but Mrs. Ragen was not a co-debtor in his bankruptcy. When a taxpayer files for bankruptcy, the IRS is prohibited from collecting from the taxpayer. And so, the time to file a suit to collect is extended for time that the bankruptcy action is pending plus six months thereafter. 26 U.S.C. § 6503(h).

19.     Mr. Ragen's bankruptcy was pending from July 25, 2008, to December 15, 2011. *In re Timothy M. Ragen*, Case No.: 4:08-bk-41325 (Bankr. S.D. Ga.). He did not receive a discharge. Because Mrs. Ragen was not a co-

debtor in the bankruptcy, the collection statute as to Mr. Ragen only for tax years 2004, 2006, and 2007 was extended by 1,390 days.

20. Second, Mr. Ragen filed two Forms 656 – *Offer in Compromise* with the IRS. When a taxpayer files an offer in compromise, the IRS is prohibited from levying against the taxpayer. And so, the collection statute is suspended for the time the offer is pending, plus thirty days. 26 U.S.C. § 6331(k).

21. Mr. Ragen filed his first offer in compromise on November 19, 2012, and it was rejected on December 10, 2013. Mr. Ragen filed his second offer in compromise on February 13 2013, and it was rejected on April 19, 2014. Therefore, Mr. Ragen's offers in compromise suspended, and thereby extended, the collection statute by 51 and 460 days, respectively for tax years 2004, 2006, 2007, and 2010.

22. Third, Mr. Ragen filed Form 9465 – *Installment Agreement Request* with the IRS. When a taxpayer requests an installment agreement, the IRS is prohibited from levying against the taxpayer. And so, the collection statute is suspended for the time that installment agreement is pending plus thirty days. 26 U.S.C. § 6502.

23. Mr. Ragen filed for an installment agreement request on August 31, 2021, and it was rejected on March 11, 2022. Therefore, the installment

7

agreement request suspended, and thus extended the collection statute by, 223 days for all tax years at issue.

24. Accordingly, the United States claims for tax years 2004, 2006, 2007, 2010, and 2011 are timely, even though the assessments are more than ten years old because of the tolling events alleged in paragraphs 17 through 23.[1]

WHEREFORE, Plaintiff, the United States of America, prays that the Court enter judgment in favor of the United States and against Timothy M. Ragen in the amount of $1,231,135.23 as of October 13, 2023, for his unpaid federal income taxes, penalties, and interest for tax years 2004, 2006, 2007, and 2010 through 2013, plus statutory additions and interest allowed by law thereafter until paid; and grant such other and further relief as it deems just and proper.

---

[1] This suit does not include the taxes, interest, and penalties assessed on November 28, 2005 for tax year 2004, as that time has passed to timely bring a suit for those assessments. The correlating penalties and interest for that tax assessment, have been abated and are not included in this suit but are listed on the chart in paragraph 8 for informational purposes.

Dated: October 13, 2023                    Respectfully submitted,


                                                  DAVID A. HUBBERT
                                                  Deputy Assistant Attorney General


                                                  */s/ Amanda J. King*
                                                  AMANDA J. KING
                                                  Trial Attorney, Tax Division
                                                  MD Bar Member
                                                  U.S. Department of Justice
                                                  P.O. Box 14198
                                                  Washington, D.C.  20044
                                                  202-514-8048 (v)
                                                  202-514-4963 (f)
                                                  Amanda.King@usdoj.gov

                                                  *Of Counsel:*

                                                  */s/ Ryan C. Grover*
                                                  Ryan C. Grover
                                                  Assistant United States Attorney
                                                  South Carolina Bar No. 101218
                                                  22 Barnard Street, Suite 300
                                                  Savannah, Georgia 31412
                                                  Telephone: (912) 652-4422
                                                  Facsimile: (912) 652-4991
                                                  Email: ryan.grover@usdoj.gov

                                                  JILL E. STEINBERG
                                                  United States Attorney